EXHIBIT A

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-06656-S3**
**7/19/2024 2:19 PM**
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| MAYRA REYES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | 24-C-06656-S3 |
| | * | |
| WALMART INC.; JOHN DOES 1-4; and ABC CORPORATION 1-5; | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

**COMPLAINT FOR DAMAGES**

COMES NOW, MAYRA REYES ("Plaintiff") by and through undersigned counsel, and files this **Complaint for Damages** against WALMART INC.; JOHN DOES 1-4; and ABC CORPORATION 1-5 ("Defendants").

1.

Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant Walmart Inc. ("Walmart") is a foreign corporation authorized to and transacting business in Georgia, with a principal place of business in Arkansas.

3.

Walmart's registered agent is The Corporation Company and may be served with service of process at 410 Peachtree Parkway, Suite 4245, Cumming, GA 30041.

EXHIBIT A

4.

At all times relevant to Plaintiff's Complaint, Walmart and/or its subsidiaries owned, operated, managed, and maintained Sam's Club store #8166 located at 3450 Steve Reynolds Blvd. Duluth, GA, 30096, in Gwinnett County.

5.

Defendants John Does 1-4 are individuals that may have liability in this case but whose identities are unknown to Plaintiff but known to Defendant.

6.

Defendants ABC Corporations 1-5 are entities that may have liability in this case but whose identities are unknown to Plaintiff but known to Defendant.

7.

Defendant Walmart is subject to the venue and jurisdiction of this Court.

**COUNT I**
**NEGLIGENCE**

8.

Plaintiff realleges and incorporates the above-stated paragraphs as fully set forth herein.

9.

On or about August 18, 2022, the date of her injuries, Plaintiff was shopping in Sam's Club store #8166.

10.

At all times relevant, Plaintiff was a customer of Walmart's store during business hours and therefore is classified as an invitee.

EXHIBIT A

11.

As Plaintiff was shopping in the store, a store employee driving a forklift struck Plaintiff, pinning her between the forklift and a pallet of bottled waters and causing her to feel immediate, severe pain.

12.

There were no signs, cones, or other warnings in the area of the subject injury at the time of the injury.

13.

At all relevant times, Defendant negligently failed to exercise ordinary care in keeping the premises safe, failed to make the premises free of hazards, failed to train its employees properly, failed to look out for customers, and failed to warn customers of hazards.

14.

At all relevant times, Defendant owed legal duties to invitees, including operating forklifts and similar equipment in a safe manner.

15.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered injuries and damages, including past and future medical expenses, past and future mental pain and suffering, and lost wages.

16.

Plaintiff in no way contributed negligently to the incident in question.

17.

As a result of Defendant's negligence, Plaintiff was injured and has incurred prior medical expenses of at least **$150,350.48**, the exact amount of which shall be determined prior to trial.

EXHIBIT A

18.

As a result of Defendant's negligence, Plaintiff was injured and will incur future medical expenses, the exact amount, of which shall be determined prior to trial.

**COUNT II**
**NEGLIGENCE PER SE**

19.

Plaintiff realleges and incorporates the above-numbered paragraphs as fully set forth herein.

20.

Plaintiff was an invitee on the Defendant's premises at the time of the injury.

21.

Defendant owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff pursuant to O.C.G.A. § 51-3-1.

22.

Defendant was negligent in failing to exercise ordinary care in keeping the premises safe for invitees, failing to make the premises free of hazards, failing to train its employees properly, failing to look out for customers, and failing to warn customers of hazards.

**COUNT III**
**VICARIOUS LIABILITY**

22.

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

EXHIBIT A

23.

At all times relevant to this action, the individuals responsible for inspecting, stocking, cleaning, maintaining, and operating equipment in the area where Plaintiff was injured were employed by Defendant and were acting within the scope of their employment.

24.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency, or apparent agency, and pursuant to O.C.G.A. § 51-2-2.

**COUNT IV**
**NEGLIGENT TRAINING & SUPERVISION**

25.

Plaintiff re-alleges and incorporates the above stated paragraphs as fully set forth herein.

26.

Defendant was negligent in failing to adopt and follow appropriate policies and procedures to make sure that appropriate operation of equipment was performed on the premises, that boxes, pallets, and other displays were safely constructed and handled, and in failing to train its employees concerning safety procedures for operating equipment on the premises.

27.

Defendant was negligent in training and supervising their staff.

28.

As a direct result of Defendant's negligence in training and supervising its employees, Plaintiff was injured on the premises.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following:

a) That process be issued according to law;

EXHIBIT A

b) That Defendant be served with a copy of Plaintiff's Complaint for Damages and show cause why prayers for relief requested by Plaintiff herein should not be granted;

c) That Plaintiff be granted a trial by jury in this matter;

d) That judgment be entered in favor of Plaintiff against the Defendant to fully compensate for past, present, and future mental and physical pain and suffering in an amount to be determined by the fair and enlightened conscience of the jury;

e) That judgment be entered in favor of Plaintiff against the Defendant for special damages to fully compensate for past, present, and future medical expenses and lost wages in an amount to be determined at or before trial; and

f) That Plaintiff be granted such further and other relief as this Court deems just and proper.

Respectfully submitted July 19, 2024.

**NICK SCHNYDER LAW FIRM, LLC**

*<u>/s/ Becky Stevenson</u>*
Becky Stevenson
Georgia Bar No. 149187
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-999-1111
bstevenson@schnyderlawfirm.com
bmelendez@schnyderlawfirm.com